UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME TALLEY,<br><br>               Plaintiff,<br><br>    v.<br><br>LONNY R SUKO,<br><br>               Defendant. | CASE NO. 3:15-CV-05596-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: OCTOBER 30, 2015 |

      The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

      Plaintiff Jerome Talley, a pretrial detainee being held at Kitsap County Jail, filed an application to proceed *in forma pauperis* (IFP) in this civil rights action on September 10, 2015. Dkt. 4.  Plaintiff has over ten §1983 cases currently pending before this Court.  On September 24, 2015, Senior District Judge Lonny R. Suko entered an order denying plaintiff's application to proceed IFP in *Talley v. Sias, et al.*, 3:15-cv-5501-LRS (W.D. Wash.) because plaintiff incurred at least three "strikes" prior to initiating the lawsuit.  Judge Suko also denied the applications to

1 | proceed IFP in *Talley v. Congalton, et al.*, 3:15-cv-5534-LRS (W.D. Wash.) and *Talley v.*
2 | *Creatura*, 3:15-cv-5585-LRS (W.D. Wash.) because plaintiff has incurred at least three "strikes."
3 |       Concurring with Judge Suko, this Court finds that plaintiff incurred the following
4 | "strikes" prior to filing this lawsuit: *Talley v. Holevinski* (E.D. Wash. Case No. 02:99-cv-5036);
5 | *Talley v. Bailey, et al.* (W.D. Wash. Case No. 2:08-cv-00677-TSZ); *Talley v. Bailey, et al. (II)*
6 | (W.D. Wash. Case No. 2:08-cv-00752-RSM); and *Talley v. Rogers* (W.D. Wash. Case No. 2:08-
7 | cv-01761-TSZ). *See also Talley v. Sias, et al.*, 3:15-cv-5501-LRS (W.D. Wash.). This Court
8 | may take notice of judicial proceedings in another court. *See U.S. ex rel. Robinson Rancheria*
9 | *Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

10 | DISCUSSION

11 |       Because plaintiff has incurred at least three strikes, he may not proceed IFP unless he can
12 | show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The
13 | imminent danger exception requires a prisoner allege a danger which is "ready to take place" or
14 | "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir.
15 | 2007). In this case, plaintiff sues Senior District Court Judge Suko, alleging that Judge Suko
16 | denied plaintiff "full and equal benefit of all laws and proceedings for security and protection of
17 | plaintiff's person and property to sue, be party, give evidence in habeas corpus actions, suit, or
18 | proceedings as a remedy or procedure to test, inquire and [unclear] plaintiff's civil right of
19 | personal liberty and prevent false imprisonment and to have a day in court to be discharged
20 | under the laws of habeas corpus and procedural due process …. ." Dkt. 1 at 6.
21 |       Plaintiff does not allege danger of any physical injury, much less an imminent serious
22 | physical danger which is "ready to take place" or "hanging threateningly over [his] head."
23 | *Cervantes*, 493 F.3d at 1056. Therefore, this Court concludes that plaintiff is not in imminent
24 |

REPORT AND RECOMMENDATION- 2

danger, and therefore, plaintiff is subject to the three-strikes rule and should not proceed *in forma pauperis*.

**CONCLUSION**

The Court recommends plaintiff's motion to proceed IFP (Dkt. 4) be denied. The Court further recommends plaintiff be ordered to pay the $400.00 filing fee within thirty days of the District Court's order and, if the fee is not paid, dismiss this case without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 30, 2015,** as noted in the caption.

Dated this 6th day of October, 2015.

J. Richard Creatura
United States Magistrate Judge